UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES TOMPKINS, survivor of | ) | |
| JAVONTE TOMPKINS, now deceased, | ) | |
| and JA'LEN WASHINGTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-cv-02925-AGF |
| | ) | |
| CRAIG HAVENS, and | ) | |
| ABF FREIGHT SYSTEM, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter arises out of a motor vehicle accident involving a vehicle driven by Defendant ABF Freight System, Inc.'s ("ABF") employee, Defendant Craig Havens, and a vehicle operated by Plaintiff Javonte Tompkins, in which Plaintiff Ja'len Washington was a passenger. Tompkins died as a result of the accident, and Washington was injured. In the amended complaint, both Plaintiffs assert negligence claims against Havens (Count 1), as well as negligence and respondeat superior claims against ABF (Count 2).

The case is now before the Court on ABF's motion (ECF No. 18) for a more definite statement. ABF asks that Plaintiffs be required to "separate their causes of action for each Plaintiff into separate counts as well as a separate count for each theory of relief." Plaintiffs have not responded to the motion, and the time to do so has passed.

Upon careful consideration of ABF's motion and Federal Rule of Civil Procedure 12(e), and to promote clarity, the Court will require Plaintiffs to state in separate counts each Plaintiff's claim against each Defendant based on each theory of relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ABF Freight System, Inc.'s motion for a more definite statement is **GRANTED**. ECF No. 18.

**IT IS FURTHER ORDERED** that, no later than **14 days** from the date of this Memorandum and Order, Plaintiffs shall file an amended complaint stating in separate counts each Plaintiff's claim against each Defendant based on each theory of relief.

_____  
AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2018.