UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES TOMPKINS, survivor of JAVONTE TOMPKINS, now deceased, and JA'LEN WASHINGTON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:17-cv-02925-AGF |
| CRAIG HAVENS, and ABF FREIGHT SYSTEM, INC. | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' second motion (ECF No. 26) for leave to amend their complaint. The case arises out of a motor vehicle collision involving a vehicle driven by Defendant ABF Freight System, Inc.'s ("ABF") employee, Defendant Craig Havens, and another driven by decedent Javonte Tompkins ("Decedent"). Plaintiff Ja'len Washington ("Washington") was a passenger in Decedent's vehicle. Decedent died as a result of the collision, and Washington was injured.

Washington and Decedent's father, Plaintiff James Tompkins ("Tompkins"), have now filed suit. In their first amended complaint, both Plaintiffs asserted negligence claims against Havens (Count 1), as well as negligence and respondeat superior claims against ABF (Count 2). Tompkins's claims were brought pursuant to Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080.

On June 20, 2018, the Court granted Defendants' motion for a more definite statement, requiring Plaintiffs to amend their complaint in order to state in separate counts each Plaintiff's claim against each Defendant based on each theory of relief.  ECF No. 23.  Plaintiffs' current proposed second amended complaint complies with the Court's June 20th Order to some degree, by separating the wrongful death claims of Tompkins from the personal injury claims of Washington.  However, Plaintiffs have not separated their negligence and respondeat superior claims against ABF into different counts.

Plaintiffs also seek in their current motion to add Javonte Oliver Tompkins, Jr. ("Tompkins, Jr."), son of Decedent, as a Plaintiff in this action, to pursue a wrongful death claim for the death of his father.[1]  Plaintiffs' proposed second amended complaint separates the wrongful death claims of Tompkins and Tompkins, Jr. into different counts.

In response to Plaintiffs' motion, Defendants state that they do not oppose the addition of Tompkins, Jr. as a Plaintiff.  Nor do Defendants oppose Plaintiffs' general attempt to comply with the Court's June 20th Order.  However, Defendants request that the Court order Plaintiffs (1) to separate their negligence and respondeat superior claims against ABF into separate counts, as the claims set forth different theories of relief, and (2) to combine the wrongful death claims of Tompkins and Tompkins, Jr. as to each Defendant, as wrongful death constitutes one cause of action against any one defendant.

---

[1] Plaintiffs also attach as exhibits to their motion a "Petition for Appointment of Next Friend" for Tompkins, Jr., a minor, and a related proposed order.  However, Plaintiffs do not reference these exhibits in their current motion; nor do they make any request for an appointment of a next friend.  To the extent Plaintiffs request such an appointment, they must file an appropriate motion.

*See* Mo. Rev. Stat. § 537.080.2 ("Only one action may be brought under this section against any one defendant for the death of any one person.").

In reply, Plaintiffs state that they do not object to the changes Defendants request. Those changes are also supported by the caselaw. *E.g.*, *Oberkramer v. City of Ellisville*, 650 S.W.2d 286, 300 (Mo. Ct. App. 1983) (holding that where the decedent's widow and minor children brought their wrongful death claims in separate counts as to a single defendant, each praying for a separate judgment, the complaint contravened § 537.080.2); *see also* Mo. Rev. Stat. § 537.095.3 (providing for only one assessment of total damages by the trier of facts followed by an apportionment of these damages among those persons entitled thereto as determined by the court).

Therefore, the Court will grant Plaintiffs' motion in part, and order Plaintiffs to file a second amended complaint that separates their claims by count as follows: (1) Tompkins and Tompkins, Jr.'s wrongful death claim against Defendant Havens; (2) Washington's negligence claim against Defendant Havens; (3) Tompkins and Tompkins, Jr.'s wrongful death claim against Defendant ABF; (4) Washington's negligence claim against Defendant ABF; (5) Washington's respondeat superior claim against Defendant ABF.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion for Leave to Amend Complaint is **GRANTED in part**, as set forth above. ECF No. 26.

**IT IS FURTHER ORDERED** that, no later than **7 days** from the date of this Memorandum and Order, Plaintiffs shall file an amended complaint that complies with this Memorandum and Order as set forth above.

**IT IS FURTHER ORDERED** that any request for appointment of next friend shall be filed as a separate motion.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2018.